# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-3897 |
| | ) | |
| v. | ) | Hon. Franklin U. Valderrama |
| | ) | District Judge |
| CITY OF CHICAGO, *et al.,* | ) | |
| | ) | Hon. Young B. Kim |
| | ) | Magistrate Judge |
| Defendants. | | |

**PLAINTIFF'S FIRST REQUEST TO
PRODUCE DOCUMENTS TO ALL DEFENDANTS**

Plaintiff, LEONARD LOGAN, by his attorneys LOEVY & LOEVY, propounds the following Requests for Production pursuant to Federal Rule of Civil Procedure 34, and applicable local rules, upon Defendants City of Chicago, Edward O'Boyle, Paul Bernatek, Hasan Al-Amin, Sylvia Van Witzenburg, Alejandro Almazan, Michael Rowan, William Halloran, Lawrence Lynch, Glenn Evans, Kent Sinson, and Geri Lynn Yanow, as the Special Representative of William Higgins and Philip Graziano to be answered within thirty days after service hereof.

**DEFINITIONS**

1. "Plaintiff," "Logan," and "Leonard," refer to Plaintiff Leonard Logan, as well as his counsel and any of his representatives, agents, or other Persons acting on his behalf.

2. "Defendant Officer(s)" shall refer to Defendants O'Boyle, Bernatek, Al-Amin, Van Witzenburg, Almazan, Rowan, Halloran, Lynch, Evans, Higgins, Graziano, and any other Unknown Employees of the City of Chicago that may become known as well as their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

3. "Prosecutor Defendant(s)" shall refer to Defendant Sinson and any other Unknown Employees of the Cook County State's Attorney's Office that may become known as well as their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

1

4. "Individual Defendant(s)" shall refer to Defendant Officers and Prosecutor Defendant as well as their counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on their behalf.

5. "Defendant(s)" shall refer to the Defendant Officers, Prosecutor Defendant, Defendant Cook County, and Defendant City of Chicago, including its subdivisions, departments, agencies, police departments, police department units, subsidiaries, elected officials, corporate officers, and any other constituent entity within their control, as well as any counsel, consultants, employees, representatives, agents, contractors, experts, investigators, and other persons acting on its behalf.

6. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

7. "Jones Murder," or other such terms shall mean the murder of Timothy Jones on March 18, 1997 at an Amoco gas station on the south side of Chicago while talking on an outdoor pay phone.

8. "Jones Murder Investigation" shall mean any actions taken by any Investigator in order to determine the cause or circumstances of and/or the person or persons responsible for the incident that resulted in the death of Timothy Jones. This is not limited solely to those actions leading to the prosecution of Plaintiff Leonard Logan, but includes actions taken with regard to any other possible witnesses or suspects. In addition, this is not limited solely to actions taken prior to the arrest of Plaintiff, but includes as well actions undertaken both before and after the arrest of Plaintiff, including any actions during any of Plaintiff's criminal trial or appeal, any reinvestigations of the Jones Murder, and any actions undertaken at any time after the charges against Plaintiff were dismissed, up to and including the present day. "Jones Murder Investigation" is not limited to the actions of Individual Defendants but includes actions taken by any Person fitting the description of Investigators as defined below.

9. "Investigators" shall mean any Persons who materially participated in the Jones Murder Investigation. This not only includes the Individual Defendants but also any other law enforcement officers, prosecutors, co-workers, colleagues, assistants, agents, advisors, or entities who furnished any material support to the Jones Murder Investigation.

10. "Exculpatory Evidence" shall mean evidence favorable to Plaintiff Leonard Logan and evidence that would tend to show that Plaintiff was not guilty of the Jones Murder, including any evidence that would tend to undermine the credibility of any prosecution witness who testified, or could have testified, during any of Plaintiff's criminal proceedings.

11. "Plaintiff's Complaint" shall mean the operative pleading filed in *Logan v. City of Chicago, et al.*, No. 24-cv-3897 (N.D. Ill.) or any amended version of the complaint filed after these instructions are given.

12. "Complaint" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or

other Documents relating in any manner to the job performance of any Individual Defendant, or the job performance of any of his or her counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on his or her behalf, regardless of the disposition of any resulting inquiry or investigation. This includes but is not limited to any and all internal affairs, COPA, IPRA, OPS, intra- or inter-departmental, and citizen complaints, Complaint Register files, and any other Document generated by any unit or sub-unit of the City responsible for investigating complaints or criticisms of Chicago Police Department officers or Cook County Assistant State's Attorneys.

13. "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and, where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

14. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

15. "Communication" means the exchange of information between two or more Persons, whether orally, in writing (including but not limited to text messages, handwritten documents, to-from memos, emails, and informal or official reports, and any all electronically stored documents), or by any other means.

16. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

17. "You" and "Your" shall refer to the Individual Defendant responding to these discovery requests, as well as all counsel, consultants, experts, investigators, representatives, agents, or other Persons acting on such Individual Defendants' behalf.

18. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored, or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking, or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

## **INSTRUCTIONS**

1. Documents that are stored electronically shall be produced in their native format together with all metadata and other information associated with each document in its native electronic format.

2. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

3. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

4. If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

5. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

6. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

7. Pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure, an objection to part of a request must specify the part and produce, or permit inspection, of the rest.

8. In the event that you withhold documents pursuant to objection, please identify the withheld documents pursuant to Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

9. In the event that you claim a privilege regarding any of the information sought in Plaintiff's discovery requests, please state the privilege claimed and provide sufficient information, including the type of information that has been withheld as purportedly privileged, so that the claim of privilege may be adjudicated. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

10. In the event that you redact any information from any Document produced in response to Plaintiffs' discovery requests, provide a log identifying the basis and nature for each redaction.

11. If you object to any definition of any term used by Plaintiff in a document request as vague or ambiguous, please clarify the scope of available documents based on your own

reasonable interpretation of Plaintiff's request, including providing any counter-definitions. If you contend that any terms used in this request are vague or overbroad, please produce with your response all documents that you agree fall within the scope of proper discovery, as required by Rule 34(b)(2)(C). Please also identify in writing with your responses any categories of documents actually or potentially withheld, as required by Rule 34(b)(2)(C).

      12.    Unless otherwise stated, the relevant time period for Plaintiff's discovery requests shall be the period beginning ten years prior to the date of the Jones Murder—*i.e.*, beginning March 18, 1987—and continuing until the conclusion of this litigation.

      13.    These Requests are continuing in nature and call for prompt supplemental production whenever You receive or discover additional information covered by these Requests.

## **REQUESTS FOR PRODUCTION**

      1.    All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

      2.    All non-privileged Documents which you will use in this case, for any reason, including, but not limited to, questioning witnesses at depositions, impeaching witnesses at trial or in depositions, using as Exhibits in depositions or at trial, refreshing recollections at trial or in depositions, or for any other purpose.

      3.    All Documents relating to the Jones Murder Investigation and the investigation, arrest, interrogation, interview, lineup, identification, charging, or prosecution of Plaintiff for the Jones Murder, including but not limited to any and all police reports, collected evidence, forensic and other testing results, DNA profiles, lab reports, logs, notes, handwritten notes, charts, instrument and computer print outs, crime scene photographs, photographs or reports of live or photo lineups or arrays, photographs of Plaintiff or other witnesses, electronically stored information, Communications, photographs, and videos. This includes all responsive documents stored within each and every unit of the Chicago Police Department, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

      4.    All transcripts, video recordings, audio recordings, radio and emergency transmissions, or other audio or visual communications (or Documents memorializing the same) relating to the Jones Murder Investigation or the subjects described in Plaintiff's Complaint. This request specifically includes: (a) all evidentiary and/or autopsy photographs taken in connection with the Jones Murder Investigation; (b) all photographs, audio, or video presented to any witness during the Jones Murder Investigation; (c) all photographs, audio, or video used in connection with the prosecution of Plaintiff; and/or (d) all recordings of and Documents relating to any emergency (911 or 311) calls made at any time on March 18, 1997,

5

regarding any activities within a ten-block radius of the Amoco gas station located at 2352 E. 75th Street on the south side of Chicago.

5. Any witness statements relating to the Jones Murder Investigation or any of the events described in Plaintiff's Complaint.

6. All Documents relating to or supporting Individual Defendants' Affirmative Defenses or Answers to Plaintiff's Complaint in this action, including all Documents upon which you may rely at trial.

7. All Documents which support or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case. As with all requests, please timely supplement your response to this request for production throughout this litigation.

8. All Documents relating to Plaintiff, including but not limited to color copies of any photographs taken of Plaintiff.

9. All Documents relating to any external or internal investigation (*e.g.*, internal affairs, IPRA, OPS, COPA, employee discipline, disciplinary review, police board, etc.) undertaken in connection with the events described in Plaintiff's Complaint, including any and all attachments and any investigator notes.

10. All Documents relating to any criminal investigation of any Individual Defendant, including but not limited to Communications about any such investigation.

11. All Documents that would be relevant to determining the locations, movements, assignments, or contacts made by any Individual Defendant from March 17, 1997 through April 30, 1997, such as police reports, arrest lists, ticket books, log sheets, calendars, timecards, overtime reports, daily activity reports, contact cards, emails, phone records, etc.

12. All Documents relating to any questioning, interview, or interrogation of any witnesses in connection with the Jones Murder Investigation, including but not limited to Plaintiff Leonard Logan, Charles Jenkins, L.C. Robinson, LaTonya Payton, Elbert Garrett, Richard Lenar, or Erven Walls including but not limited to video recordings, audio recordings, photographs, Communications, police reports, investigative notes, handwritten notes, testing results, or readouts.

13. All Documents containing, constituting, or memorializing Communications that refer or relate to the Jones Murder Investigation and/or Plaintiff's alleged involvement in the crime. This Request includes but is not limited to all Communications (a) between any of the Defendants or their employees or agents and Plaintiff; (b) among any of the Defendants or their employees and agents; (c) between any Defendants or their employees or agents and any third-party, including other law enforcement agencies; (d) between any Defendant or their employees or agents with any witnesses or suspects; and (e) with the Cook County State's Attorney's Office or United States Attorney's Office.

6

14. All Documents, including Defendants' personal notes, that summarize, reflect, or describe any activities undertaken during the Jones Murder Investigation.

15. All Documents relating to any Communication between any of the Defendants, or their counsel, employees, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations or claims in Plaintiff's Complaint or the Defendants' defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Rule 26 or in response to Interrogatories.

16. Any Documents, including personal notes or the personal file of any Investigators, that were not included in the official file for the Jones Murder Investigation or that were not included in the Documents produced to Plaintiff or his criminal defense attorneys during the pendency of his criminal or post-conviction proceedings and that summarize, reflect, or describe any activities undertaken during the Jones Murder Investigation.

17. All Documents that comprise records of physical evidence relating to the Jones Murder Investigation.

18. Any records of Grand Jury proceedings relating to the Jones Murder Investigation or the prosecution of Plaintiff or any other Person for the Jones Murder.

19. All physical evidence relating to any of the allegations in Plaintiff's Complaint or the Individual Defendants' defenses to Plaintiff's Complaint.

20. All Documents, including notes and police reports, that summarize, reflect, or describe any lineup (whether live or photo array), show up, witness identification, or witness interview conducted during the Jones Murder Investigation.

21. Maps, floor plans, and photographs of all Chicago Police Department facilities in which Plaintiff and any witnesses were interviewed, interrogated, or questioned, as those facilities existed in 1997.

22. All Documents relating to any oral or written confessions or inculpatory statements purportedly given by Plaintiff, Charles Jenkins, L.C. Robinson, LaTonya Payton, Elbert Garrett, or Richard Lenar, including but not limited to all notes relating to any such confession, any drafts of any such confessions, and every copy of any such confession.

23. All Documents relating to any oral or written statements, whether formal or informal, given by Plaintiff, Charles Jenkins, L.C. Robinson, LaTonya Payton, Elbert Garrett, or Richard Lenar, including but not limited to all notes relating to any such statements, any drafts of any such statements, and every copy of any such statement.

24. All Documents that summarize, reflect, describe, or relate to any questioning, interview, or interrogation, of Plaintiff or any witness, suspect, or third party, that was conducted during the Jones Murder Investigation. This request includes but is not limited to all

7

police reports (including General Progress Reports), video recordings, audio recordings, photographs, Communications, investigative notes, handwritten notes, polygraph materials, testing results, readouts, and any statements or confessions, including drafts and finals.

25. All Documents that you will rely upon at trial to suggest that there was probable cause to suspect Plaintiff of involvement in the Jones Murder.

26. All Area 2 Detective Division Daily Major Incident Logs from March 17, 1997 through April 30, 1997.

27. All Documents or evidence favorable to Plaintiff Leonard Logan that would tend to show that he was not guilty of the Jones Murder, including any evidence that would tend to undermine the credibility of any prosecution witness who provided evidence during any of Plaintiff Leonard Logan's criminal proceedings.

28. All Documents provided to you by or obtained by you from any of Plaintiff's criminal defense attorneys or their investigators or agents.

29. All Documents relating to the investigation, arrest, detention, interrogation, charging, or prosecution of Leonard Logan and any other person who you have ever considered a suspect in the Jones Murder Investigation, through the present day.

30. All Documents related to any Complaint of any person alleging official misconduct of any kind on the part of any of the Individual Defendants. This request specifically seeks but is not limited to (a) print-out of the disciplinary history (*e.g.*, "CR history") of each Individual Defendant with information sufficient to determine the date of any Complaint, the type of Complaint, and the result of any investigation or disciplinary proceeding with respect to each such Complaint, (b) the complete file for each Complaint; (c) Summary Punishment Action Request (SPAR) history and records; (d) police board disciplinary records; (e) Behavior Intervention System (BIS) history and records; (f) Attorney Registration & Disciplinary Commission disciplinary records; and (g) any documentation in your possession, custody, or control relating to expunged disciplinary records. This request seeks responsive documents without temporal limitation.

31. The complete personnel file, employee file, or contractor file for any of the Individual Defendants, including internal affairs files, training records, and disciplinary records. This request includes but is not limited to, personnel files, records of psychological screening and evaluation, performance/employment evaluation records (e.g., Performance Rating Inquiry printouts, Key Performance Indicators, Individual Summaries, and Performance Rating Cards), personnel concerns program (PCP) records, deconfliction reports, extraordinary occurrence (e/o) history, INFO history, Non-Disciplinary intervention (NDI) history, NDI files, Management Labor Affairs Section (MLAS) report, notification history re: discharge of a firearm with or without injury, U-File history (discharge of a firearm with injury), and any other responsive documents. This request seeks responsive documents without temporal limitation.

8

32. A photograph showing the Individual Defendants' appearance at or near the time of the outset of the Jones Murder Investigation.

33. All Documents relating to any and all criminal convictions of any Person related to any of the claims or defenses in this action. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

34. All Documents obtained via third-party subpoena in this litigation, including but not limited to court records, prosecutors' records, employment records, medical records, prison/jail records, or any other records.

35. All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to: (a) all Communications to and from said expert(s); (b) all Documents provided to and relied upon by said expert(s); and (c) any transcripts of prior testimony or Rule 26 reports of said expert(s). To the extent responsive Documents become available as the litigation proceeds, please supplement your Responses.

36. All Documents relating to any third-party witness, including any civilian witness that appears on any party's Rule 26(a)(1) disclosures. This request includes but is not limited to, any Documents relating to contact with the Chicago Police Department, including but not limited to arrest reports, IR jackets, criminal history reports, fingerprint reports, booking reports, and photographs of any kind. This request seeks responsive documents without temporal limitation. Please be advised that your duty to supplement your answer to this request remains ongoing as discovery progresses, and that Plaintiffs intends to move *in limine* to bar any references to information for which the underlying documents have not been timely produced in response to this request.

37. Any and all "demonstrative" aids or exhibits which may be used at trial of this cause. To the extent responsive Documents become available prior to the close of the discovery period, please supplement your Responses.

38. All Documents, including but not limited to documents comprising Communications made at any time, relating to the following parties: Plaintiff, Charles Jenkins, L.C. Robinson, LaTonya Payton, Elbert Garrett, Richard Lenar, Erven Walls, or Kenneth Mosby.

39. Documents, such as indexes, sufficient to identify the title or general subject matter of each of the City of Chicago and/or Chicago Police Department's written policies applicable to any of the Individual Defendants at any time during the Jones Murder Investigation.

40. All Documents comprising or relating to any training manual(s), employee handbook, or police procedure manual that any Individual Defendant ever received from the Chicago Police Department.

41. ***Defendant City of Chicago Only:*** A complete copy of any policies or

9

procedures relating to the discipline of police officers or to disciplinary proceedings between 1990 and the present day.

42. ***Defendant City of Chicago Only:*** All Documents relating to any written policy or procedure of the City of Chicago or the Chicago Police Department, including but not limited to written policies and procedures on any of the following subjects:

    a. The documentation and preservation of information learned during a homicide investigation. This request includes but is not limited to the use, storage, location and preservation of police reports, notes, witness statements, general offense reports, general progress reports, supplementary reports, lineup reports, evidence logs, inventory reports, and any other means of recording information learned during a homicide investigation. This request includes but is not limited to the City's 1982, 1983 and 1986 Special Orders, and any subsequent orders or directives through 1993, related to the street files practice discussed in the *Jones v. City of Chicago* and *Palmer v. City of Chicago* cases;

    b. The use, creation, contents of, storage, location, movement, and preservation of homicide investigative files kept at Chicago Police Department Detective Areas, including but not limited to so-called permanent retention/RD files, area files, investigative files, official files, unit files, street files, running files, and clipboard files. This request includes but is not limited to the different types of documents, notes, or other investigative information kept in each such type of file, as well as the storage, retention, duplication, or copying of each such type of file and the movement, storage, preservation or copying of such files to other divisions and sections of the Chicago Police Department—such as the Records Division, the Evidence and Recovered Property Section, and the Police Documents Section of the Chicago Police Department—and the timing of such movements in homicide investigations;

    c. Responding to subpoenas from criminal defendants requesting all records concerning a homicide investigation, including policies, practices and customs for ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime, or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors. This request includes but is not limited to the departments or personnel involved in processing such a subpoena request; the places within the Chicago Police Department from which documents, files, and information that would be produced in response to such a subpoena request; and the types of investigative documents that would be produced in response to such a subpoena request;

    d. Witness interrogations and interviews in homicide investigations, including interrogations and interviews of witnesses, eyewitnesses, criminal suspects and other witnesses. This request includes acceptable

10

      and prohibited techniques (*e.g.*, the use of force or coercion, threats, deception, etc.) during interrogations and interviews; the length of such interrogations and interviews; the ranks or titles of officers authorized to perform them; supervision of interrogations and interviews; documentation kept relating to such interviews and interrogations; and the administration of *Miranda* warnings and waivers;

  e.  The use and conduct of, documentation of, and supervision of identification procedures for actual or potential witnesses, such as show-ups, live/in person line-ups, photographic lineups/arrays, clothing line-ups, and single-photo identification procedures. This request includes but is not limited to the written and unwritten practices, procedures, customs, rules, and techniques for performing these identification procedures; inventorying of evidence resulting from an identification procedure; selection and use of live and photographic fillers; the minimum and maximum number of suspects and fillers; process for taking photographs used in a photo lineup; number of witnesses permitted to view a single lineup; instructions given to participants subject to identification procedures, including communication of information about suspects or defendants; any other communications with witnesses subject to identification procedures; documentation of identification procedures and their results (including selection of suspects, fillers, or no identification); and creation and preservation of documentation relating to any of the foregoing subjects;

  f.  The use of gangbooks (i.e., albums/compilations of mugshots or other photos, also sometimes referred to as photobooks) and conduct of gangbook identification procedures in homicide investigations. This request includes but is not limited to the written and unwritten practices, procedures, customs, rules, and techniques for creating, selecting, or compiling photographs for inclusion in gangbooks, deciding what gangbooks to show witnesses, performing gangbook identifications, communication of information about suspects or defendants to witnesses who view gangbooks, any other communication with witnesses who view gangbooks, reports written in connection with gangbooks, documentation of gangbook identification procedures, documentation of the selection of a suspect by a witness during a gangbook identification procedure, documentation of the selection of a filler by a witness during a gangbook identification procedure, documentation of the selection of no person by a witness during a gangbook identification procedure, and the preservation of gangbook photographs selected by a witness;

  g.  Obligations under *Brady v. Maryland*, including but not limited to training related to ensuring that exculpatory information favorable to the accused in a criminal investigation, which would tend to show that the accused was not guilty of a crime or which would tend to undermine the credibility of any prosecution witness, is disclosed to suspects, criminal defendants, their attorneys, and prosecutors;

  h.  Investigations of Chicago police officers for misconduct contrary to City

11

       of Chicago policies, and/or discipline of Chicago police officers who were found to have engaged in misconduct contrary to City of Chicago policies;

i. The City's written and unwritten policies, practices, and customs relating to the method and manner by which supervisors monitor, report, and/or discipline subordinate Chicago Police Department detectives for potential violations of departmental rules or state/federal laws. This includes the chain of supervision, who is responsible for the supervision, and what the scope of responsibility is for each supervisor that supervises detectives;

j. The policies, practices, and procedures of the Chicago Police Department regarding evaluations of its detectives, including but not limited to any annual or periodic performance reviews or evaluations, standards for evaluating the work performed by Chicago police officers, how those standards are communicated to Chicago police officers, how the evaluations are used to improve officer performance and/or correct deficient performance;

k. Obligation of officers to report instances of misconduct contrary to City of Chicago policies, and procedures for doing so;

l. Giving sworn testimony in criminal cases, civil cases, and/or investigations of misconduct.

The timeframe of this request is beginning five years before the Jones Murder and continuing one year past Plaintiff's trial.

43. ***Defendant City of Chicago Only:*** All Documents identifying any policymaker who was responsible for or had final policymaking authority for any policy or procedure of the Chicago Police Department between 1990 and the present on any of the subjects identified in Request for Production No. 42, above, as well as all Documents relating to any effort of those policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any such policy or procedure.

44. ***Defendant City of Chicago Only:*** All Documents relating to any change made to any policy or procedure on any of the subjects identified in Request for Production 42, above.

45. All Documents relating to any training that any Individual Defendant received in connection with his or her employment, including but not limited to training on any of the following subjects:

a. Documenting or memorializing the various developments in an investigation in such a way that they would become part of the official file as the investigation proceeded;
b. Conducting, documenting, or memorializing photo or in-person lineups, or any other type of identification procedures;

12

      c. Conducting, documenting, or memorializing interrogations, interviews or questioning of suspects and witnesses, including video- or audio-recording such interrogations;

      d. Writing, filing, retaining, storing, or destroying police investigative material, including witness statements, reports, and notes during the course of an investigation;

      e. Disclosing exculpatory evidence to suspects, criminal defendants, or prosecutors;

      f. Providing testimony in court;

      g. Reporting, investigating, identifying, tracking, or reviewing allegations of officer misconduct;

      h. Reporting, investigating, identifying, tracking, or reviewing rates by which law enforcement officers clear or close investigations, including homicide investigations;

      i. Disciplining or supervising police officers who engage in misconduct.

46. Any Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of the City of Chicago or the Chicago Police Department at any time during the Jones Murder Investigation or at any time during any event or circumstance described in Plaintiff's Complaint.

47. ***Individual Defendants Only:*** All Documents relating to your total financial net worth, including, but not limited to:

      a. All Documents relating to any assets in your possession with a value in excess of $2,500;

      b. Copies of all monthly statements for the period January 2024 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;

      c. Copies of any insurance policy in which you are either the beneficiary or have any other ownership interest;

      d. A copy of the deed to your residence(s). If you do not own your home, please produce a copy of a current lease;

      e. A copy of the title to your automobile(s), as well as a copy of all Documents relating to financing, ownership, and any equity you may have in said automobile(s);

      f. All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

      g. A copy of your last four pay stubs relating to any employment in which you are engaged, including but not limited to the Chicago Police Department;

      h. All Documents relating to any mortgage applications signed by you in the past four years; and

      i. Copies of your three most recent state and federal tax returns;

      j. All Documents reflecting the transfer of assets exceeding $10,000, including but not limited to such transfers in the form of a gift, or into a trust.

48. ***Individual Defendants Only:*** All Documents that support a defense by you in this litigation that an award of punitive damages would cause a financial hardship.

49. Copies of any social media, blog, or other online posting, made by any Individual Defendant or shared with any Individual Defendant, that in any way relate to any of the following subjects: (a) the Jones Murder Investigation; (b) Plaintiff; (c) any of the subject matters in Plaintiff's Complaint; (d) actual or potential discipline or investigation of any Individual Defendant, and/or one or more of the other Individual Defendants, by the City of Chicago or Cook County State's Attorney's Office; (e) any person involved in a case investigated by any Individual Defendant and/or one or more of the other Individual Defendants who was convicted but who later had their conviction vacated.

50. All Communications between the Cook County State's Attorney's Office and the City of Chicago or any Individual Defendants relating to Plaintiff's certificate of innocence. This request includes but is not limited to all communications regarding the certificate of innocence proceedings; the participation or conduct of Defendants or any other actual or potential witness in those proceedings; and the Cook County State's Attorney's Office position on the certificate of innocence. This request specifically includes electronic communications to or from any attorneys, whether by text message, email, or other electronic means, and specifically includes any communications between former Assistant State's Attorneys and any attorneys for the City of Chicago or the Individual Defendants.

51. All Documents relating to any Attorney Registration and Disciplinary Commission complaints that have ever been lodged against Defendant Sinson at any time, and all Documents relating to any inquiry or investigation into these complaints, if any, and their outcomes.

52. All notes created by Defendant Sinson or any other Assistant State's Attorney or any investigator for the State's Attorney's Office during the Jones Murder Investigation, including but not limited to any notes from conversations with any law enforcement officers, any other ASAs or investigators, and any witnesses, that are maintained anywhere, including in CCSAO or personal files of any current or former CCSAO employee.

53. All Documents reflecting any written policies, practices, or procedures of the Cook County State's Attorney's Office, applicable to Defendant Sinson, that related to conducting, documenting, memorializing or recording interviews, questioning, or interrogations of witnesses, including of juvenile witnesses; or, filing, retaining, storing, or destroying investigative or prosecutorial material, including witness statements, reports, and notes, during the course of an investigation or prosecution. The timeframe of this request is beginning five years before the Jones Murder and continuing one year past Plaintiff's trial.

54. All Documents related to the practice of the Cook County State's Attorney's Office of weighing convicted defendants, also dubbed "N-----s by the Pound," including any such investigations, Complaints, ARDC proceedings, or reports concerning the practice.

55. All prosecution files, including any Felony Review notes or memoranda relating to the Jones Murder Investigation or the prosecution of Plaintiff, or any other Person, for the

14

Jones Murder.

56. All Communications between any Defendant Officer and any other person relating to the murder of Timothy Jones on March 18, 1997, the investigation of this murder, Plaintiff's arrest, the events preceding and leading up to Plaintiff's arrest, events occurring subsequent to Plaintiff's arrest in March 1997, Defendant Glenn Evans, and any of the allegations contained in Plaintiff's Complaint. This Request encompasses all communications regardless of format, including, but not limited to, letters, notes, text messages, e-mails, or messages exchanged through any social networking site.

57. Copies of any statements, photos, or postings of any kind made on any website or social networking site including, but not limited to, X (formerly known as Twitter), Facebook, MySpace, Livejournal, Blogspot, Wordpress, Instagram, Flickr, Snapchat, that you made relating to the events alleged in the Complaint, including but not limited to the murder of Timothy Jones and Defendant Officers' investigation thereof, as well as Defendant Glenn Evans. This request also serves as a request to preserve any such statements or photos as they are depicted online.

58. All Documents related to the criminal prosecution of Defendant Glenn Evans, including any Document related to that prosecution provided to the City of Chicago, or any agency or department thereof.

59. All Documents related to any investigation by the Chicago Police Department, or any other agency or department of the City of Chicago, into allegations of criminal conduct by Defendant Evans.

60. *Defendant City of Chicago Only:* All Documents kept in a Gang Crime File that reference or relate to the March 18, 1997 death of Timothy Jones. Such files include, but are not limited to, all Documents created by gang crimes specialists, humper reports, daily activity reports, intelligence reports, arrest reports, incident files, notes, and GIS reports, as well as indexes thereof, which were or are kept in a Gang Crimes Unit, Maxwell Street, or Homan Square, or by any member of the Chicago Police Department. If no such documents exist, please produce all documents reflecting their destruction, including where they were last kept, and when they were destroyed.

61. *Defendant City of Chicago Only:* Documents sufficient to identify each location where Gang Crime Files that reference or relate to Area 2 homicide investigations from 1996-1999, including the investigation into the March 18, 1997 death of Timothy Jones, have been stored or kept from the inception of such Gang Crime Files to the present. As used in this Interrogatory, Gang Crime Files include, but are not limited to, all documents created by gang crimes specialists, humper reports, daily activity reports, intelligence reports, arrest reports, incident files, notes, and GIS reports, as well as indexes thereof, which were or are kept in a Gang Crimes Unit, Maxwell Street, or Homan Square, or by any member of the Chicago Police Department.

RESPECTFULLY SUBMITTED,

**LEONARD LOGAN**

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Jon Loevy
Tara Thompson
Alyssa Martinez
Meg Gould
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: 312.243.5900
alyssa@loevy.com

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, hereby certify that I filed the foregoing PLAINTIFF'S FIRST REQUEST TO PRODUCE DOCUMENTS TO ALL DEFENDANTS upon all parties of record by electronic mail on August 30, 2024.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*