# **EXHIBIT 5**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-03897 |
| | ) | |
| v. | ) | Hon. Franklin U. Valderrama |
| | ) | District Judge |
| | ) | |
| CITY OF CHICAGO, *et al.,* | ) | Hon. Young B. Kim |
| | ) | Magistrate Judge |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO**
**DEFENDANT SINSON'S FIRST SET OF INTERROGATORIES**

Plaintiff Leonard Logan, by and through his attorneys, Loevy & Loevy, supplements certain responses to Defendant Sinson's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Plaintiff expressly incorporates his general objections from Plaintiff's Responses to Defendant Sinson's First Set of Interrogatories.

**ANSWERS**

**Interrogatory No. 1:** Identify the facts, documents, and persons with knowledge known to You or Your counsel that support, refute, or relate to Your allegation that Defendant Sinson "continued interrogating Payton alongside Defendant Van Witzenburg" and "knowingly coerced Payton into signing a fabricated statement inculpating [You] in the shooting," as alleged in paragraph 44 of Your Complaint.

**First Supplemental Answer:** Plaintiff objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome, including to the extent it is asking for every fact, document, and person with knowledge related to Defendant Sinson's misconduct. Plaintiff further objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have

disclosed documents in their possession or have provided fulsome responses to relevant discovery requests. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g., In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Further, contention interrogatories should be limited to asking for material or principal facts, rather than asking for the party to set forth their entire case. *Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (citing *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("[t]o the extent [the contention interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask for the material or principal facts which support a contention."). Plaintiff further objects to this interrogatory because information responsive to this inquiry is principally in the possession, custody, or control of Defendants. Finally, Plaintiff objects to the extent that this Interrogatory calls for information protected by the attorney-client, work-product, or other common-law and statutory privileges.

Subject to and without waiving those objections, Plaintiff responds that he has prepared an extensive amended complaint that alleges in detail how each of the Defendants, including Defendant Kent Sinson, acted individually and in conspiracy with one another to conceal and withhold exculpatory evidence from Leonard Logan, his defense counsel, and the State's Attorney's Office; to fabricate false evidence against Leonard Logan implicating him in a crime he had not committed; to use psychological abuse to coerce a false statement by a third party,

2

LaTonya Payton; and to prosecute Leonard Logan without any probable cause to believe that he had committed the murder of Timothy Jones. *See* Amended Complaint ¶¶ 1-10, 31-90.

Plaintiff specifically alleges that, as part of the investigative team, Defendant Sinson, acting in conspiracy with the other Defendants, and others still unknown to Plaintiff, fabricated evidence in order to connect Leonard Logan to the crime, including false police reports and witness statements regarding Leonard Logan's purported connection to the crime, location at the time of the crime, and character; manufactured false witness testimony that was used to implicate Leonard Logan; and psychologically abused a third party, LaTonya Payton, to coerce a false inculpatory statement; and then suppressed that information during criminal proceedings; covered up their misconduct and destroyed or suppressed additional evidence that would have exculpated Leonard Logan, hiding that information from Leonard Logan, his attorneys, and other state prosecutors; presented false evidence to other state prosecutors and judicial authorities in order to secure and continue charges against Leonard Logan; and provided false reports, statements, and testimony in order to implicate Leonard Logan in a crime he had not committed. More specifically, Defendants, including Defendant Sinson, knew that Leonard Logan was not involved in any way in the murder of Timothy Jones but Defendants, including Defendant Sinson, subjected a third party, LaTonya Payton, to overwhelming psychological abuse over a period of three days in order to extract a false statement from her, which was the only means by which they were able to get anyone to falsely implicate Plaintiff in a crime he did not commit. Defendants also fabricated additional evidence to bolster their case against Leonard Logan, including, but not limited to, LaTonya Payton's supposed identification of Leonard Logan, and Defendants harassed Plaintiff's family and fabricated additional evidence from them in order to frame Plaintiff. Defendants suppressed their fabrication of LaTonya Payton's false inculpatory statements and identification, their fabrication of the

3

statements made by Plaintiff's family, and the unduly suggestive and manipulative tactics that Defendants used to get a false positive identification of Plaintiff from a witness.

Answering further, Plaintiff states that Defendants engaged in this misconduct even though there was absolutely no evidence (forensic, eyewitness, circumstantial, character, or otherwise), apart from that evidence fabricated by Defendants, that connected Leonard Logan to the murder of Timothy Jones. On the contrary, there was ample evidence that the crime was committed by a completely different suspect—someone shorter and lighter than Plaintiff, and someone who matched the physical description given by witnesses at the scene. Plaintiff states that to the best of his current knowledge, the Defendants, including Defendant Sinson, fabricated and suppressed evidence as described above, interviewed witnesses, coerced LaTonya Payton, engaged in unduly suggestive and manipulative identification procedures, falsely testified against him, and secured Leonard Logan's arrest and charges against him.

Plaintiff also states that Defendant Sinson interrogated Payton and knowingly coerced Payton into signing a fabricated statement implicating Plaintiff in the shooting. Defendant Sinson knew the statement was false. Defendant Sinson suppressed the fabrication of Payton's statement. Payton recanted this fabricated statement at Plaintiff's criminal trial, and testified she was coerced to implicate Plaintiff. Documents produced by both parties in this case, as well as the Cook County State's Attorney's Office, show that Defendant Sinson was involved in Payton's interrogations.

In addition, Plaintiff directs Defendants to the documents he has produced. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

4

**Interrogatory No. 2:** Describe the "tactics" Defendant Sinson employed that led to a false identification of You as the perpetrator as alleged in paragraph 48 of Your Complaint.

  **First Supplemental Answer:** Plaintiff objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome, including to the extent it is asking for every fact, document, and person with knowledge related to Defendant Sinson's misconduct. Plaintiff further objects to this interrogatory as it is being propounded at the outset of discovery, before Plaintiff has had an opportunity to depose Defendants and many of the relevant witnesses, and before Defendants have disclosed documents in their possession or have provided fulsome responses to relevant discovery requests. Contention interrogatories at the outset of litigation are inappropriate. *See, e.g., In re Peregrine Fin. Grp. Customer Litig.*, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015) (citing *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. Dec. 7, 1995)) ("The general policy is to defer contention Interrogatories until discovery is near an end, in order to promote efficiency and fairness."). Further, contention interrogatories should be limited to asking for material or principal facts, rather than asking for the party to set forth their entire case. *Am. Needle, Inc. v. New Orleans*, No. 04 C 7806, 2012 WL 4327395, at *2 (N.D. Ill. Aug. 17, 2012) (citing *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("[t]o the extent [the contention interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask for the material or principal facts which support a contention."). Plaintiff further objects to this interrogatory because information responsive to this inquiry is principally in the possession, custody, or control of Defendants. Finally, Plaintiff objects to the extent that this Interrogatory calls for information protected by the attorney-client, work-product, or other common-law and statutory privileges.

5

Subject to and without waiving those objections, Plaintiff responds that he has prepared an extensive amended complaint that alleges in detail how each of the Defendants, including Defendant Kent Sinson, acted individually and in conspiracy with one another to conceal and withhold exculpatory evidence from Leonard Logan, his defense counsel, and the State's Attorney's Office; to fabricate false evidence against Leonard Logan implicating him in a crime he had not committed; to use psychological abuse to coerce a false statement by a third party, LaTonya Payton; and to prosecute Leonard Logan without any probable cause to believe that he had committed the murder of Timothy Jones. *See* Amended Complaint ¶¶ 1-10, 31-90.

Plaintiff specifically alleges that, as part of the investigative team, Defendant Sinson, acting in conspiracy with the other Defendants, and others still unknown to Plaintiff, fabricated evidence in order to connect Leonard Logan to the crime, including false police reports and witness statements regarding Leonard Logan's purported connection to the crime, location at the time of the crime, and character; manufactured false witness testimony that was used to implicate Leonard Logan; and psychologically abused a third party, LaTonya Payton, to coerce a false inculpatory statement; and then suppressed that information during criminal proceedings; covered up their misconduct and destroyed or suppressed additional evidence that would have exculpated Leonard Logan, hiding that information from Leonard Logan, his attorneys, and other state prosecutors; presented false evidence to other state prosecutors and judicial authorities in order to secure and continue charges against Leonard Logan; and provided false reports, statements, and testimony in order to implicate Leonard Logan in a crime he had not committed. More specifically, Defendants, including Defendant Sinson, knew that Leonard Logan was not involved in any way in the murder of Timothy Jones but Defendants, including Defendant Sinson, subjected a third party, LaTonya Payton, to overwhelming psychological abuse over a period of three days in order to extract a false

6

statement from her, which was the only means by which they were able to get anyone to falsely implicate Plaintiff in a crime he did not commit. Defendants also fabricated additional evidence to bolster their case against Leonard Logan, including, but not limited to, LaTonya Payton's supposed identification of Leonard Logan, and Defendants harassed Plaintiff's family and fabricated additional evidence from them in order to frame Plaintiff. Defendants suppressed their fabrication of LaTonya Payton's false inculpatory statements and identification, their fabrication of the statements made by Plaintiff's family, and the unduly suggestive and manipulative tactics that Defendants used to get a false positive identification of Plaintiff from a witness.

Answering further, Plaintiff states that Defendants engaged in this misconduct even though there was absolutely no evidence (forensic, eyewitness, circumstantial, character, or otherwise), apart from that evidence fabricated by Defendants, that connected Leonard Logan to the murder of Timothy Jones. On the contrary, there was ample evidence that the crime was committed by a completely different suspect—someone shorter and lighter than Plaintiff, and someone who matched the physical description given by witnesses at the scene. Plaintiff states that to the best of his current knowledge, the Defendants, including Defendant Sinson, fabricated and suppressed evidence as described above, interviewed witnesses, coerced LaTonya Payton, engaged in unduly suggestive and manipulative identification procedures, falsely testified against him, and secured Leonard Logan's arrest and charges against him.

Plaintiff also states that Defendant Sinson interrogated Payton and knowingly coerced Payton into signing a fabricated statement implicating Plaintiff in the shooting. Defendant Sinson knew the statement was false. Defendant Sinson suppressed the fabrication of Payton's statement. Payton recanted this fabricated statement at Plaintiff's criminal trial, and testified she was coerced

7

to implicate Plaintiff. Documents produced by both parties in this case, as well as the Cook County State's Attorney's Office, show that Defendant Sinson was involved in Payton's interrogations.

In addition, Plaintiff directs Defendants to the documents he has produced. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

RESPECTFULLY SUBMITTED,

**LEONARD LOGAN**

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Jon Loevy
Tara Thompson
Jordan Poole
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
312-243-5900
alyssa@loevy.com

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
720-328-5642
elizabethw@loevy.com

8

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, hereby certify that on January 29, 2025, I served the foregoing document upon all counsel of record via electronic mail.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*