UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD LOGAN, | ) | |
| | ) | No. 24 CV 3897 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | September 8, 2025 |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Leonard Logan brings this suit accusing Defendants of knowingly causing him to spend 22 years in prison for a murder he did not commit. He alleges that Defendant Officers fabricated evidence and coerced false witness testimony to secure his conviction, which was ultimately vacated in 2023. Before the court is Plaintiff's motion to quash a subpoena request Defendants seek to serve on the Illinois Department of Corrections ("IDOC") for recorded telephone calls Plaintiff made to his attorney from prison. For the following reasons, the motion is denied:

**Background**

On July 31, 2025, the court held a hearing on Plaintiff's motion to quash. (See generally R. 104, Pl.'s Mot.; R. 110, July 31, 2025 Hr'g Tr.) After considering the parties' arguments, the court granted the motion in part and denied it in part and took under advisement Plaintiff's remaining request—prevent the disclosure of IDOC recorded-telephone calls he placed to attorney Tara Thompson, (R. 106), who

represented him in the post-conviction proceedings, (R. 104, Pl.'s Mot. at 6). This ruling pertains to that request.

**Analysis**

Plaintiff argues that the court should quash the proposed subpoena request for recorded calls he made to Attorney Thompson while in IDOC's custody because those communications are privileged attorney-client communications. (See R. 104, Pl.'s Mot. at 6-7.) Under Federal Rule of Civil Procedure 45(d)(3), the court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter, or that subjects a person to undue burden. The party moving to quash the subpoena—here, Plaintiff—bears the burden of "establishing the impropriety of the subpoena." *Architectural Iron Workers' Loc. No. 63 Welfare Fund v. Legna Installers Inc.*, No. 22 CV 5757, 2023 WL 2974083, at *1 (N.D. Ill. April 17, 2023). The decision to quash a subpoena is within the court's sound discretion. *See Citizens for Appropriate Rural Rds. v. Foxx*, 815 F.3d 1068, 1081 (7th Cir. 2016).

The Seventh Circuit has "long embraced" the following standard for determining whether the attorney-client privilege attaches to communications:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (quoting 8 John Henry Wigmore, *Evidence in Trials at Common Law* § 2292 (1961)); *see also Sandra T.E. v. S. Berwyn Sch. Dist. 100,* 600 F.3d 612, 618 (7th Cir. 2010); *Jenkins v. Bartlett,* 487

2

F.3d 482, 490 (7th Cir. 2007). Because the privilege is "in derogation of the search for the truth," it is construed narrowly. *Evans*, 113 F.3d at 1461. And the party seeking privilege protection carries the burden of showing that it applies. *Valero Energy Corp. v. United States,* 569 F.3d 626, 630 (7th Cir. 2009).

The Seventh Circuit has not addressed whether the attorney-client privilege protects recorded calls from an inmate to his attorney. *See Bishop v. White*, No. 16 CV 6040, 2020 WL 6149567, at *3 (N.D. Ill. Oct. 20, 2020). However, other circuits have held that recorded calls from attorneys to their inmate clients are not subject to the attorney-client privilege. *See United States v. Mejia*, 655 F.3d 126, 133 (2d Cir. 2011) ("[W]here an inmate is aware that his or her calls are being recorded, those calls are not protected by a privilege."); *United States v. Hatcher*, 323 F.3d 666, 674 (8th Cir. 2003) ("The presence of the prison recording device destroyed the attorney-client privilege" because "the inmates and their lawyers . . . could not reasonably expect that their conversations would remain private.").

In a similar context, the Seventh Circuit declined to extend the marital communications privilege to recorded calls between an inmate and his wife because their discussions could be "overheard by others" and, thus, it was not reasonable to expect their communications to remain confidential. *United States v. Madoch*, 149 F.3d 596, 602 (7th Cir. 1998). Likewise, the Seventh Circuit found that a non-prisoner who called a federal inmate had no "reasonable expectation of privacy" as to her conversations with the inmate because she had notice that "prison officials were

3

authorized to monitor inmates' telephone calls." *United States v. Sababu*, 891 F.2d 1308, 1329 (7th Cir. 1989).

Here, Plaintiff fails to meet his burden of demonstrating that the attorney-client privilege attaches to the 115 calls he placed on a recorded line to Attorney Thompson. *See Valero Energy Corp.*, 569 F.3d at 630. The privilege "shields only those communications by a client to an attorney that were intended to be confidential." *Evans*, 113 F.3d at 1462 (citing 8 Wigmore, Evidence § 2311). Because Plaintiff knew he was using a recorded line to call his attorney,[1] (R. 110, July 31, 2025 Hr'g Tr. at 6, 8), he cannot establish a key element "vital to [his] claim of privilege," *Mejia*, 655 F.3d at 134—that he "made [the calls] in confidence," *Evans*, 113 F.3d at 1461. Nor can he show that he had any reasonable expectation of privacy as to the calls. *See Prince v. Kato*, No. 18 CV 2952, 2020 WL 7698373, at *3 (N.D. Ill. Dec. 28, 2020). Indeed, "[i]t cannot be that Plaintiff intended his attorney phone calls to be confidential [where] he knew his phone calls were recorded and still communicated with his attorney[] via phone." *Pursley v. City of Rockford*, No. 18 CV 50040, 2020 WL 1433827, at *5 (N.D. Ill. March 24, 2020).

---

[1] IDOC provides notice to inmates and attorneys that calls are recorded unless arrangements are made for a private call. *See Prince*, 2020 WL 7698373, at *3 (citing IDOC website indicating that "[a]ll offender telephone calls are subject to monitoring and recording at any time"); *Pursley*, 2020 WL 1433827, at *5 (citing IDOC manual stating that calls placed from the facility are "subject to being monitored and recorded" (internal quotations omitted)); *Simon v. Nw. Univ.*, No. 15 CV 1433, 2017 WL 66818, at *5 (N.D. Ill. Jan. 6, 2017) ("IDOC's website unequivocally states that unless a call is arranged as a private attorney call, all calls are recorded.").

Plaintiff insists, however, that "[i]f there's an expectation of privilege—and there would have been an expectation for [Plaintiff] in speaking with his attorney—th[e] privilege still applies," especially where, as here, it may be "logistical[ly] difficult[]" to schedule a call with an attorney on a private line. (R. 110, July 31, 2025 Hr'g Tr. at 7; see also R. 104, Pl.'s Mot. at 6-7). But Plaintiff does not establish that his calls were time sensitive or that he faced another "impediment" precluding him from arranging or requesting an unrecorded line. *See Bishop*, 2020 WL 6149567, at *8 ("[T]he fact that an unrecorded, confidential conversation was more difficult for [the plaintiff] to arrange does not mean he lacked access to such a call, or that he faced an insurmountable 'impediment.'"). Conclusory assertions are not sufficient to establish the privilege. *See Pearlshire Cap. Grp., LLC v. Zaid*, 490 F. Supp. 3d 1299, 1307 (N.D. Ill. 2020) ("Blanket or sweeping claims of privilege are impermissible in all contexts." (citation omitted)). In short, Plaintiff fails to satisfy the standard for the attorney-client privilege to attach to the 115 recorded calls with Attorney Thompson. *See Evans*, 113 F.3d at 1461; *see also Pearlshire Cap. Grp.*, 490 F. Supp.3d at 1307 ("The party hoping to withhold evidence from the proceedings—and, to degrees that vary from case to case, thwart the fact-finders' efforts at uncovering the truth—necessarily has the burden of establishing the applicability of the privilege it asserts on a document-by-document basis." (citations omitted)).

Even if Plaintiff could establish that the attorney-client privilege applies, he waived any protection for largely the same reason—namely, "by knowingly proceeding with those conversations on, essentially, an open and recorded line."

*Bishop*, 2020 WL 6149567, at *9; *see also Patrick v. City of Chi.*, 154 F. Supp. 3d 705, 711 (N.D. Ill. 2015) ("Disclosure of confidential communications is inconsistent with the attorney-client relationship and almost invariably waives the privilege 'with respect to the world at large.'" (citation omitted)). Indeed, the Seventh Circuit has explained that "the presence of . . . a third party defeats the privilege even though the client may harbor a desire for confidentiality because the privilege 'goes no further than is necessary to secure the client's subjective freedom of consultation.'" *Evans*, 113 F.3d at 1462 (citing 8 Wigmore, Evidence § 2311); *see also Jenkins*, 487 F.3d at 490 ("[O]rdinarily, statements made by a client to his attorney in the presence of a third person do not fall within the privilege, even when the client wishes the communication to remain confidential."); *Suburban Sew 'N Sweep, Inc. v. Swiss-Bernina, Inc.*, 91 F.R.D. 254, 258 (N.D. Ill. 1981) ("[E]ven inadvertent communication to third parties, such as bystanders or eavesdroppers, destroys the privilege."). Thus, once Plaintiff uttered protected information in a non-confidential setting, he "waive[d] the attorney-client privilege," including with respect to "future proceedings." *Patrick*, 154 F. Supp. 3d at 711.

Nevertheless, Plaintiff points to two decisions from this district that suggest that the attorney-client privilege may attach to recorded calls from an inmate. (R. 104, Pl.'s Mot. at 7, Ex. B.) In *Hernandez v. Guevera*, No. 23 CV 1737, Dkt. No. 155 (N.D. Ill. Nov. 14, 2024), the court granted a motion to quash subpoenas seeking recorded prisoner calls with post-conviction attorneys based on the "sacrosanct" nature of the attorney-client relationship, *id.* (Nov. 14, 2024 Hr'g Tr. at 4 (finding

6

that "calls with attorneys that are recorded" are "not discoverable "absen[t] an[] additional showing")). Likewise, in *Gonzalez v. Guevera*, No. 22 CV 6496, Dkt. No. 170 (N.D. Ill. May 2, 2024), the court granted a motion to quash a subpoena seeking recorded calls between a plaintiff and his post-conviction attorneys. It is not clear whether relevance or other factors affected these decisions.[2] In any event, the court is not persuaded that either decision requires a different result here.

To be sure, courts in this circuit have largely declined to apply the privilege where inmates "knew their conversations [with their attorneys] were being recorded and had no reasonable expectation of confidentiality." *Bishop*, 2020 WL 6149567, at *3 ("[T]he attorney-client privilege does not protect [the plaintiff's] choice to speak to his attorneys on the telephone knowing that the calls [a]re being recorded."); *see also United States v. Tiner*, No. 20 CR 30166, 2022 WL 1136644, at *2 (S.D. Ill. May 2, 2022) (finding that attorney-client privilege does not protect inmate's "choice to speak to his attorneys on the telephone knowing that the calls were being recorded and monitored simply because it was more convenient than adhering to the process for scheduling a confidential discussion"); *Prince*, 2020 WL 7698373, at *3 (ordering

---

[2] For example, the court that quashed the subpoena for recorded attorney calls in *Gonzalez*, No. 22 CV 6496, Dkt. No. 170, also quashed subpoenas seeking phone recordings from third-party witnesses in a separate case because the recordings were neither relevant nor proportional, *see Treadwell v. Salgado*, No. 19 CV 3179, 2021 WL 11725352, at *3-4 (N.D. Ill. Dec. 14, 2021). In *Treadwell*, 2021 WL 11725352, at *4, the court acknowledged that "courts routinely find that individuals do not have a reasonable expectation of privacy in prison phone calls." At the same time, the court recognized that "[w]hile inmates would reasonably expect that their phone calls could be accessed by prison officials, they would not reasonably expect that the details of their recorded phone calls would be handed over to civil litigants." *Id.*

7

attorney calls to be produced where inmates "knew their conversations were being recorded and had no reasonable expectation of privacy"); *Pursley*, 2020 WL 1433827, at *5 (finding waiver of attorney-client privilege where the plaintiff had discussions with his attorney on a line that "he knew was being recorded"); *Simon*, 2017 WL 66818, at *5 (finding waiver of "any claim of privilege by knowingly disclosing information on a recorded line"). This line of reasoning is persuasive because it comports with the Seventh Circuit's edict that the attorney-client privilege be narrowly interpreted to avoid thwarting truth-seeking efforts, *see Evans*, 113 F.3d at 1461, and that each element of the privilege be strictly satisfied for the party seeking to withhold evidence to enjoy that privilege, *see Valero Energy Corp.*, 569 F.3d at 630.

## Conclusion

For the foregoing reasons, the court denies Plaintiff's motion to quash Defendants' proposed subpoena to secure a copy of his 115 IDOC-recorded calls to Attorney Thompson.

      **ENTER:**

      **Young B. Kim**
      **United States Magistrate Judge**