# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY GILLESPIE, | ) | |
| | ) | Case No. 24-cv-8019 |
| Plaintiff, | ) | |
| v. | ) | District Judge Edmond E. Chang |
| | ) | |
| KENNETH BOUDREAU, et al., | ) | Magistrate Judge Jeannice W. Appenteng |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's motion to quash third-party subpoenas,

Dkt. 89, issued by defendants Charles Burns and Julie Nelson. For the reasons set

forth below, the Court construes the motion as one for a protective order, which it

denies without prejudice and with leave to refile after subsequent meet-and-confer

efforts.

## I.    Background

In 2024 and after 20 years of incarceration, plaintiff Jerry Gillespie's first-

degree murder conviction was vacated, and he received a certificate of innocence.

Shortly thereafter, plaintiff filed his complaint against several Chicago Police

Officers ("officer defendants"), former Assistant Cook County State's Attorneys

Charles Burns and Julie Nelson ("ASA defendants"), and the City of Chicago.

Plaintiff alleges the officer defendants arrested him without probable cause and

coerced his false confession while the ASA defendants facilitated the false

confession and fabricated evidence. Dkt. 1. Plaintiff argues the City is liable for

having unconstitutional policies and failing to train and discipline its employees at the time of his 1994 conviction. In addition to his federal constitutional claims, plaintiff asserts a variety of state law claims related to his prosecution and conviction. As it relates to the instant motion, the ASA defendants deny that plaintiff was wrongfully convicted and believe plaintiff conspired with his codefendants while they were incarcerated to invent his "narrative of innocence." Dkt. 91 at 6.

Discovery began in November 2024. The ASA defendants issued subpoenas to the Cook County Department of Corrections (CCDC) and the Illinois Department of Corrections (IDOC). As to the CCDC subpoenas, defendants requested any and all records in the master files of seven men who were charged with the same murder as plaintiff. Defendants requested documents from 1993-1994. As to the IDOC subpoenas, defendants requested the master files of four men, covering their entire period of incarceration from 1993 or 1994 until the present. A "master file," as it pertains to both sets of subpoenas, can include:

> intake documents; housing assignments and transfer documents; documentation of gang affiliation; conduct and disciplinary records; incident reports; grievances; parole records; prisoner review board records; social work notes; records of substance abuse testing; visitor logs; visitation requests; telephone and video call logs; documentation of educational programs; job assignment or work duties; and all documentation related to cellmates.

While master files also typically include healthcare information, defendants excluded medical and mental health records from the subpoenas, indicating they would serve subpoenas for health records after the entry of a HIPAA order. Plaintiff

2

moved to quash the subpoenas, Dkt. 89, and the ASA defendants responded in support of the discovery requests, Dkt. 91. Plaintiff then filed a reply, Dkt. 94.

## II. Legal Standard

Rule 45 of the Federal Rules of Civil Procedure governs issuing and quashing a subpoena. "The scope of information discoverable by subpoena is 'as broad as what is otherwise permitted under Rule 26(b)(1).'" *Sabuco v. Pecelunas*, No. 17-CV-9372, 2019 WL 13215194, at *1 (N.D. Ill. Sept. 17, 2019) (quoting *In re Kleimar N.V v. Benxi Iron & Steel Am., Ltd.*, No. 17-CV-01287, 2017 WL 3386115, at *7 (N.D. Ill. Aug. 7, 2017)). But upon a timely motion, the Court must quash or modify a subpoena if it "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii-iv).

"Generally speaking, a 'movant that is not the recipient of a subpoena ordinarily has no standing to seek to quash a subpoena unless the subpoena infringes upon the movant's legitimate interests.'" *Trustees of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, No. 1:19-CV-2965, 2023 WL 9315453, at *2 (N.D. Ill. May 8, 2023) (quoting *HTG Cap. Partners, LLC v. Doe(s)*, No. 15 C 02129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015)). However, a movant who does not have standing under Rule 45 does have standing to seek a protective order to prevent discovery outside the relevance and proportionality bounds established in Rule 26. *Liebich v. DelGiudice*, No. 20 C 2368, 2021 WL 12302694, at *4 (N.D. Ill. Apr. 27, 2021). The Court "enjoy[s] extremely broad

discretion" in resolving discovery motions. *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 3050230, at *3 (N.D. Ill. June 8, 2020).

### III. Analysis

Plaintiff is not the subpoena recipient; therefore, the Court begins with the threshold issue of standing. *Trustees of Chicago Reg'l Council of Carpenters Pension Fund*, 2023 WL 9315453, at *2. Plaintiff does not articulate a "legitimate interest" implicated by the subpoenas to confer standing. *Id.* Instead, plaintiff argues the subpoenas (1) impose an undue burden; (2) are not relevant or proportional to the needs of the case; and (3) implicate the privacy rights of the incarcerated men (not plaintiff). The first two objections "fall to the subpoena's recipient to make," while the third falls to other non-parties. *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013). Because plaintiff "fails to explain how the subpoena infringes on a personal right or privilege," he has failed to establish standing under Rule 45. *Hannon v. City of Prospect Heights*, No. 18 C 2475, 2021 WL 9909725, at *1 (N.D. Ill. June 10, 2021).[1]

Although plaintiff fails to establish standing to quash the subpoenas, the Court, "applying its broad powers and discretion to control discovery, construes [plaintiff's] motion to quash as a motion for protective order." *Id.* at *2 (collecting

---

[1] Plaintiff notes that defendant does not challenge his standing to bring the motion to quash, Dkt. 89 at 5 n.1, but that does not obviate the case law's instruction to consider standing as a "threshold" inquiry. *Trustees of Chicago Reg'l Council of Carpenters Pension Fund*, 2023 WL 9315453, at *2; *DeLeon-Reyes*, 2020 WL 3050230, at *3; *Architectural Iron Workers' Loc. No. 63 Welfare Fund v. Legna Installers Inc.*, No. 22 C 5757, 2023 WL 2974083, at *2 (N.D. Ill. Apr. 17, 2023). Nor does it change the Court's analysis.

cases where the Court sua sponte converts a motion to quash third-party subpoenas to a motion for protective order).[2] Thus, the Court will address plaintiff's arguments about relevance and proportionality under Rule 26.[3]

Plaintiff argues the subpoena requests are overly broad and not proportional to the needs of the case, in part because defendants have not articulated the relevance of all the documents contained in master files that span several decades. Dkt. 89 at 7-9. Defendants respond that the breadth of the subpoenas is proportionate to the needs of the case because wrongful-conviction cases raise important public policy issues, plaintiff's claims affect the defendants' personal and professional lives, and plaintiff seeks significant financial damages. Dkt. 91 at 1, 3. Defendants also argue that the master files are relevant because they contain information that will undermine witness credibility and show plaintiff colluded with his codefendants. Dkt. 91 at 13. Defendants oppose justifying each category of documents within the master file, but they briefly assert that disciplinary documents are relevant to witness credibility; parole applications may contain accounts of the underlying crime to contradict plaintiff's account; commissary purchases "could provide evidence of witness influencing"; and program

---

[2] The Court converts the motion because although plaintiff briefly requests a protective order, plaintiff primarily analyzes the issue under Rule 45. Dkt. 89 at 9. For the standing issues addressed above, Rule 45 is not the proper framework.

[3] The Court will not address either party's arguments about burden because the subpoena recipients have not responded to or attested to the burdens and costs associated with production. *DeLeon-Reyes*, 2020 WL 30502301, at *3.

participation or work assignments may show "evidence of their opportunity to collude." *Id.* at 7-8.

The Court finds that the subpoena document requests are overly broad and not proportional to the needs of the case. While the Court appreciates defendants' arguments about the issues at stake in this case, "the initial inquiry in enforcement of any discovery request is one of relevance." *Lymon v. Chamberlain*, No. 17 CV 50093, 2020 WL 6940985, at *2 (N.D. Ill. Nov. 24, 2020) (quoting *Autotech Techs. Ltd. Parnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435 (N.D. Ill. 2006)). And defendants have not articulated how the documents requested are relevant to any claim or defense in this case. Despite defendants' assertion to the contrary, as the requesting party defendants have the initial burden of "point[ing] to something that demonstrates that the requested documents are both relevant and proportional." *Id.* (citing Rule 26). Defendants have not pointed to anything with respect to entire categories of potentially sensitive information, such as substance abuse testing, social work notes, and grievances.

As to the categories of documents defendants do address, defendants' conjecture about what the files may contain is insufficient to justify the broad scope of the subpoenas. *See* Dkt. 91 at 7-8 (arguing (1) commissary purchases "could provide evidence of witness influencing"; (2) parole applications "often contain" statements that may in this case contradict plaintiff's account of the crime; and (3) program participation or work details could show an "opportunity to collude"). "[G]uesswork does not establish relevance." *DeLeon-Reyes*, 2020 WL 3050230, at *7.

Finally, while witness credibility evidence can be relevant, the Court finds that the limited, potential relevance of disciplinary documents does not justify producing years of prison files. *Treadwell v. Salgado*, No. 19 CV 3179, 2021 WL 11725352, at *4 (N.D. Ill. Dec. 14, 2021) (finding subpoena requests on "the limited issue of challenging or impeaching the third-party witnesses" is not proportional to the needs of the case). For all these reasons, the subpoenas seek documents outside the scope permitted by Rule 26.

In sum, the Court finds that the subpoenas to CCDC and IDOC as written are improper. But the Court declines to enter a protective order barring discovery of any and all records within the master files at CCDC and IDOC. Importantly, plaintiff does not appear to object to defendants receiving some prison documents. *See* Dkt. 89 at 4 (suggesting the subpoena be narrowed to a prisoner's movement history). Therefore, the parties shall meet and confer to narrow the document requests. Defendants shall be prepared to articulate the relevance of each type of document sought. If any disputes remain, plaintiff is granted leave to file a motion for protective order concerning the narrowed requests. The Court observes that with the December 12, 2025 fact discovery deadline, the parties have ample time to meet and confer about narrowing defendants' requests consistent with this order.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion without prejudice.

As a final note, the parties' briefing on this issue and others pending before this Court include references to the parties' positions in other cases and, at times, question the opposing party's motivations. *See, e.g.*, Dkts. 91, 96. This is improper. The Court expects the parties and counsel to continue litigating as officers of the Court with professional conduct.

**So Ordered.**

_____
**Jeannice W. Appenteng
United States Magistrate Judge**

Date: 7/23/2025