# EXHIBIT G

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | | |
|---|---|---|
| LEONARD LOGAN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:24-cv-03897 |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Mt. Pleasant Correctional Facility c/o Central Records
1200 East Washington Street, Mt. Pleasant, Iowa 52641

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attached Rider

| Place: Elizabeth Wang<br>LOEVY & LOEVY<br>2060 Broadway, Suite 280<br>Boulder, Colorado 80302 OR elizabethw@loevy.com | Date and Time:<br><br>05/15/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/04/2026

        *CLERK OF COURT*

                          OR

_____     s/ Matthew Howroyd
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
      Kent Sinson                , who issues or requests this subpoena, are:

Matthew Howroyd, Hinshaw & Culbertson LLP, 151 North Franklin Street, Suite 2500, Chicago, Illinois 60606; (312) 704-3288; mhowroyd@hinshawlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03897

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Mt. Pleasant Correctional Facility [Certfiied Mail - Return Receipt Requested]

_____ on *(date)* 05/04/2026 ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 05/04/2026 _____

/s/ Michele A. Fenlon
_____
*Server's signature*

Michele A. Fenlon
_____
*Printed name and title*
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Mount Pleasant Correction Facility
1200 East Washington Street
Mt Pleasant, Iowa 52641

## **R I D E R**

Any and all medical and mental health care records relating to Keith Williams a/k/a Leonard Logan Date of Birth: ██████████, including but not limited to the following:

Medical intake; in-patient records, out-patient records, reports; tests and test results; consultant reports; histories; lab reports; physician or nurses notes; charts; graphs; correspondence; medical progress notes; medical records; physician or nursing orders; prescriptions; imaging studies; therapy notes; physical, mental health intake, mental health assessment; treatment notes and medication administration records.

**Any and all records are returnable to Elizabeth Wang, Loevy & Loevy, 2060 Broadway, Suite 280, Boulder, Colorado 80302 OR elizabethw@loevy.com.**

See attached April 3, 2025 Qualified HIPAA and Mental Health Protective Order.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LEONARD LOGAN, | ) |
| | ) No. 24 CV 3897 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| CITY OF CHICAGO, *et al.*, | ) |
| | ) April 3, 2025 |
| Defendants. | ) |

**AGREED QUALIFIED HIPAA and**
**MENTAL HEALTH PROTECTIVE ORDER**

This matter having come to be heard for the entry of a qualified protective order pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Illinois Mental Health and Developmental Disabilities and Confidentiality Act ("MHDDCA"), due notice hereof having been given, and the Court being fully advised in the premises, the Motion for Qualified HIPAA and Mental Health Protective Order is GRANTED, and the Court finds that:

A.    During the course of this litigation, it may be necessary to produce, disclose, receive, obtain, subpoena, and transmit medical, mental health, and drug and alcohol treatment/rehabilitation information of Plaintiff Leonard Logan.

B.    Good cause exists for the entry of a HIPAA and MHDDCA Protective Order for Leonard Logan's medical, mental health, and drug and alcohol treatment/rehabilitation information to prevent the unauthorized disclosures, control the receipt of, and direct the use of medical, mental health and drug and alcohol treatment/rehabilitation information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED as follows:

(1)    The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit medical information/"protected health information" (also referred to herein as "PHI"), and drug and alcohol treatment/rehabilitation information pertaining to Leonard Logan, as protected by HIPAA codified primarily at 18, 26 and 42 U.S.C.), the Illinois MHDDCA (740 ILCS 110/1, *et seq*.), and drug and alcohol treatment/rehabilitation confidentiality statutes, 20 ILCS 301/30-5; 42 U.S.C. § 290dd-2; and 42 C.F.R. Part 2 to the extent and subject to the conditions outlined herein.

(2)     The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are may also receive mental health information pertaining to Leonard Logan, as protected by HIPAA, the Illinois MHDDCA, and drug and alcohol treatment/rehabilitation confidentiality statutes, 20 ILCS 301/30-5; 42 U.S.C. § 290dd-2; and 42 C.F.R. Part 2 to the extent and subject to the conditions outlined herein. Entry of this Order does not waive any argument or claim by Leonard Logan that his mental health information is subject to privilege. Nor does entry of this Order waive any argument or claim by any Defendant in this action that Leonard Logan has waived any privilege with respect to his mental health information.

(3)     The following words and terms are defined for the purposes of this Qualified HIPAA and Mental Health Confidentiality Protective Order:

(a)     "Medical Information" shall mean "protected health information" or "PHI" and shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(b)     "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 and 164.

(c)     Mental Health Information shall have the same scope and definition as set forth in 740 ILCS 110/2. Without limiting the generality of the foregoing, mental health information includes, but is not limited to, information obtained from "mental health services", including "confidential communications," "personal notes" and "records," relating to either, (a) the past, present or future mental health condition of an individual, (b) the provision of care and treatment to an individual, or (c) the payment for care provided to an individual, which identifies the mental health services or which reasonably could be expected to identify the mental health services.

(d)     Drug and Alcohol Treatment/Rehabilitation Information shall have the same scope and definition as set forth in 20 ILCS 301/1-1, *et seq.*; 42 U.S.C. §§ 290aa-290ll; and 42 C.F.R. §§ 2.1-2.67.

2

(4)    The Parties shall assist each other in the release of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information by waiving all notice requirements that would otherwise be necessary under HIPAA, MHDDCA, and the Privacy Standards.

(5)    All "covered entities" (as defined by 45 C.F.R. § 160.103) and "record custodians" (as defined by 740 ILCS 110/2) are hereby authorized to disclose PHI, and drug and alcohol treatment/rehabilitation information pertaining to Leonard Logan to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(6)    The parties and their attorneys shall be permitted to use the PHI, and Drug and Alcohol Treatment/Rehabilitation Information of Leonard Logan, in any manner that is reasonably connected with the above-captioned litigation. This includes disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(7)    As it concerns Mental Health Information, any subpoena, discovery tool, or other request for information that may include Mental Health Information shall be returnable to Plaintiff's counsel. Upon receipt, provisions (5) and (6) above shall apply unless, within seven-days of receipt of any Mental Health Information, Plaintiff objects to their production on the basis of privilege. Any disputes about the scope of a privilege assertion, if made, shall be made to the Court and are not impacted by this Order.

(8)    Any document that includes PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information obtained pursuant to this Order shall be designated confidential subject to this HIPAA and Mental Health Protective Order and labeled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Documents labeled and disclosed pursuant to this Order shall be kept confidential (except as allowed by this Order), stored to maintain their confidentiality according to the Privacy Standards and MHDDCA, and not be disclosed in or attached to any publicly filed documents unless:

(a)    The PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information has been redacted;

(b)    Plaintiff has agreed to the filing of such document; or

(c)    The Court has ordered that the document can be publicly filed.

(9)     Within 60 days of the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity no longer involved in the litigation who is in possession of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information pertaining to Leonard Logan, (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information in their possession pursuant to the Privacy Standards and MHDDCA. This Order exempts from destruction such records that Cook County and its departments and separately elected officials are required to retain pursuant to the Illinois Local Records Act 50 ILCS 205 and other applicable laws and Cook County Ordinances.

(10)     This Order shall not control or limit the use of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information pertaining to Leonard Logan, that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 C.F.R. § 160.103) or from a "therapist" (as that term is defined in 740 ILCS 110/2).

(11)     Nothing in this Order authorizes Defendants' counsel to obtain PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or through attorney-client communications.

(12)     Nothing in this Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other valid objection to discovery.

(13)     This Order does not authorize any party to seal court filings or court proceedings. The Court will make a good cause determination for the filing under seal if and when a party seeks to file Leonard Logan's protected health information under seal.

**ENTER:**

_Young B. Li_

**Young B. Kim**
**United States Magistrate Judge**

4