# EXHIBIT H

## LOEVY + LOEVY

2060 Broadway, Ste. 280
Boulder, CO 80302
(720) 328-5642
www.loevy.com

March 26, 2026

**VIA EMAIL**
Matthew Howroyd
William Bazarek
Hinshaw & Culbertson LLP

**RE:** *Logan v. City of Chicago, et al.*, **1:24-cv-3897**

Dear Counsel:

I write to follow up on the telephonic meet and confer we had on March 24, 2026 regarding the subpoenas *duces tecum* that Defendant Sinson issued in this case on March 23. Those subpoenas seek documents from the Mt. Pleasant Correctional Facility, the Des Moines Police Department, the Iowa Methodist Medical Center, the Iowa Board of Parole, and the Polk County Jail.

First, with respect to the subpoena to the Iowa Board of Parole, we informed you during the telephonic meet and confer that we have no objection to that subpoena, and it is our understanding that you have served it or are in the process of serving it.

Second, with respect to the subpoena to the Iowa Methodist Medical Center, while we maintain that the entire subpoena is overbroad, unlikely to lead to the discovery of relevant or admissible evidence, and not proportional to the needs of the case, we are willing—as a compromise—to have the documents sought in the subpoena returnable to us for review first. If you are agreeable to that, we please provide a new subpoena and rider that has the documents returnable to me at our Chicago address (Loevy & Loevy, 311 N. Aberdeen St., 3rd Fl., Chicago, IL 60607), and my email (elizabethw@loevy.com).

Third, with respect to the subpoenas to the Polk County Jail, the Des Moines Police Department, and the Mt. Pleasant Correctional Facility, we will agree only to medical and mental health care records from the Mt. Pleasant Correctional Facility (which we want returnable to us first). Otherwise, we object to the rest of the subpoenas because they are overbroad, unlikely to lead to the discovery of relevant or admissible evidence, and not proportional to the needs of the case. Magistrate Judge Kim has already ruled that information about criminal activity after his release is not discoverable.

During the discovery hearing with Magistrate Judge Kim on April 2, 2025, Defendants raised with the judge Plaintiff's answer to interrogatory no. 23 in Rowan's interrogatories. That interrogatory asks:

March 26, 2026                                                                                                      Page **2** of **3**

> Identify all criminal activity you have engaged in, if any, since your conviction for the murder of Timothy Jones was vacated. For this interrogatory, identify means to describe the criminal activity engaged in, state the date and location you engaged in the criminal activity, and state the name of any other person who engaged in the criminal activity with you.

In a supplemental answer served on January 29, 2025, the Plaintiff raised several objections but then stated, "Plaintiff states that he was convicted of a drug offense in Iowa in 2023." Defendants sought to compel more information in response to this interrogatory, which they raised in a Joint Status Report on February 14, 2025. Dkt. 86 at 7-8. Indeed, in that JSR, the Defendants cited to language from Magistrate Judge Finnegan in *Watts*—which counsel for Sinson brought up again on our call this week.

The discovery hearing on April 2, 2025 followed. During that hearing, Magistrate Judge Kim asked counsel for the individual Defendant how Plaintiff's criminal activities are related to the claim of emotional distress, specifically in relation to the answer to interrogatory no. 23. 4/2/25 Tr. at 20:16-19. Defense counsel provided a number of arguments—which were the same arguments that defense counsel raised on the phone during the meet and confer on Tuesday. *See id.* at 20:20-22:4. Plaintiff's counsel explained that Plaintiff "has not asserted and is not going to assert damages that would … make relevant … other times that he has been charged or convicted since he was released. … he is not intending to bring that period of his life into the case. And so given that he's not going to be bringing those issues into the case, there really isn't any relevance with this … period of his life with respect to other cases that he may have post release." *Id.* at 22:12-21.

The Court then ruled:

> I'm not seeing that link between so-called lifestyle after he's released and his damages. And even … being fearful of the police, I'm fearful of the police whenever I'm driving.
>
> … I don't see how criminal activities are related to his suffering from 23 years of what he considers to be unlawful incarceration. If you want to ask about his lifestyle … after his release, you can certainly do that at a deposition. I just don't see the need to burden Mr. Logan with having to answer interrogatory answer on this particular issue.
>
> And quite frankly, as Ms. Thompson points out, it would be better in that situation because Mr. Logan would be able to tell you during his deposition what he suffered from, what he is experiencing right now, and that would be more appropriate. And perhaps at that point a link can be established. So I'm not going to require Mr. Logan to answer Interrogatory Number 23.

*Id.* at 22:23-23:15.

Thus, it is Plaintiff's position that the expansive information sought by Defendants is not discoverable, and that Defendants' position has already been specifically rejected by Magistrate Judge Kim. Plaintiff's position is further supported by the case law. *See, e.g.*, *Newsome v.*

March 26, 2026                                                                                    Page **3** of **3**

*McCabe*, 2002 WL 548725, at \*10 (N.D. Ill. 2002) (even if evidence of a conviction is admissible, it would be limited to introducing the crime charged, the date, and the disposition) (citing *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987)); *E.E.O.C. v. Bice of Chicago*, 229 F.R.D. 581, 583 (N.D. Ill. 2005) (granting in part motion to compel, stating "[e]vidence of arrests and other prior misconduct are not admissible unless the[y] bear on a witnesses['] truthfulness. [citing *Newsome*] Therefore, we find that defendants are only allowed to ask questions regarding arrests and convictions which would be admissible at trial for impeachment purposes."); *Nelson v. City of Chicago*, 810 F.3d 1061, 1067-70 (7th Cir. 2016); *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013).

Please let us know if you are willing to withdraw your subpoenas as outlined above and modify the Mt. Pleasant one as described above. If you wish to confer further, please let me know.

Sincerely,

Elizabeth Wang

Cc: Counsel of Record