**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEONARD LOGAN, | ) | |
| | ) | **No. 24 CV 3897** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | **July 28, 2026** |
| Defendants. | ) | |

**ORDER**

Plaintiff Leonard Logan brings this suit accusing Defendants of knowingly causing him to spend decades in prison for a murder he did not commit. He alleges that Defendant Officers fabricated evidence and coerced false witness testimony to secure his conviction. Before the court is Plaintiff's motion to quash subpoenas Defendants[1] served on a police department, a detention center, and a prison in Iowa (collectively, "Respondents"). For the following reasons, the motion is granted:

**Analysis**

Plaintiff argues that the subpoenas must be quashed because they seek discovery that is neither relevant nor proportional and because this court has already barred Defendants from seeking post-release discovery. According to the motion, Defendants "served three sweeping . . . subpoenas seeking broad categories of . . .

---

[1] The motion refers to "Defendants," but Defendant Kent Sinson issued the subpoenas. (R. 156-5.) However, for purposes of the current motion, the court treats the subpoenas Sinson issued as subpoenas issued on behalf of all Defendants. As such, this ruling applies to all Defendants.

records relating to [his] life decades after the wrongful conviction at issue." (R. 151, Pl.'s Mot. at 1.) Once Defendants served notice of intent to serve subpoenas on Respondents, Plaintiff voiced his objections. Nonetheless, Defendants served Respondents with the subject subpoenas with some modification on May 22, 2026. (Id. at 4.) Defendants are seeking records related to Plaintiff's February 1, 2023 arrest and subsequent detention and imprisonment in Iowa, which they say are relevant to Plaintiff's claim of ongoing damages.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and this standard applies to all discovery mechanisms, including Rule 45 subpoenas. As such, the question before the court is whether the records Defendants seek from Respondents are relevant and proportional to the needs of this case. That said, if the court accepts Plaintiff's argument that it has already denied Defendants' request for such discovery, the issue of relevance and proportionality is moot.

Plaintiff argues that the law of the case warrants the quashing of the subject subpoenas. He says, "[p]erhaps most troubling, Defendants' subpoenas are an attempt to revisit a discovery issue this Court has already decided." (R. 151, Pl.'s Mot. at 11.) The doctrine of law of the case stands for the proposition that once a ruling on an issue is rendered at one stage of a lawsuit, it must be upheld throughout the action. *See Cannon v. Armstrong Containers, Inc.*, 92 F.4th 688, 701 (7th Cir. 2024.) But this doctrine does not rob the court of its authority to revisit the issue

2

when circumstances have changed since the prior ruling or when the precise issue before the court is different from the one decided earlier. *Id.*

In support of his law-of-the-case argument, Plaintiff cites to the transcript from the discovery hearing held on April 2, 2025, (R. 101), discussing the written discovery issues the parties identified in their February 2025 joint status report, (R. 87). The relevant portion of the hearing pertains to Defendants' Interrogatory No. 23 ("Identify all criminal activity you have engaged in, if any, since your conviction for the murder of Timothy Jones was vacated. . . ."), to which Plaintiff posed various objections but answered "that he was convicted of a drug offense in Iowa in 2023." (R. 86-3, Pl.'s Supp. Int. Resp. at 44.) Defendants complained in the joint status report that Plaintiff's answer is incomplete. (R. 86, Jt. Status Rep. at 7-8.) At the hearing Defendants argued that a more fulsome answer to this interrogatory would help them understand Plaintiff's damages claim for their defense. Plaintiff responded as follows:

> I mean, I -- we don't necessarily dispute that if plaintiff was asserting -- if he were asserting certain kinds of damages, that that might make certain facts about his life after release more relevant. But they are also making assumptions about what he's saying his damages are in this case. So to me it is tied to specifically what he's saying about damages. And he has not asserted and is not going to assert damages that would -- that would make relevant, you know, times that he has -- you know, if he has other times that he has been charged or convicted since he was released. I mean, he is not intending to bring that period of his life into the case. And so given that he's not going to be bringing those issues into the case, there really isn't any relevance with this -- with this period of his life with respect to other cases that he may have post release.

(R. 101 at 22.)  In light of this representation, this court held that Plaintiff's post-release activities have no connection to damages he suffered during his unlawful incarceration in Illinois.  (R. 101 at 23.)

Defendants now argue that the records they seek from Respondents are relevant and proportional to the needs of this case because a letter "Road 2 Reentry" sent to an Iowa state court seeking resentencing ("Resentencing Request") for Plaintiff shows he will seek damages for "ongoing damages, including 'psychological trauma,' 'emotional damages,' 'great mental anguish, humiliation, [and] degradation.'"  (R. 156, Defs.' Resp. at 6 (bracket in original).)  But just as they did during the April 2025 hearing, Defendants assume Plaintiff will seek damages for the period after his release from incarceration in Illinois.  However, Plaintiff was clear during the April 2025 hearing that he is not seeking damages for the time period after his release and there is no indication that he has changed his mind on the issue. The objective of the Resentencing Request is very different from this lawsuit, and it cannot speak to Plaintiff's damages claim in this lawsuit.  Unless his position changes on damages, this court continues to hold that post-release information is not relevant to damages as Defendants claim.[2]

---

[2]  Although Plaintiff's post-release activities may not be relevant to his damages claim, this ruling is not meant to comment on the admissibility of his 2023 felony convictions under Federal Rule of Evidence 609, (see generally R. 156-1, Aug. 3, 2023 Sentencing Order), or Defendants' ability to use Plaintiff's failure to disclose in his answer to Interrogatory No. 23 the felony nature of his "drug offense" and his felony firearm conviction for purposes of impeaching his credibility.

## Conclusion

For the foregoing reasons, Plaintiff's motion to quash is granted.

ENTER:

_____

Young B. Kim
United States Magistrate Judge

5